| For Clerk's Office Use | | |
|---|---|---|
| Judge | Recd Date | Grv. |

For use by inmates in filing a complaint under **CIVIL RIGHTS ACT, 42 USC §1983**

**INMATE NAME:** Leon Vincent Calloway

**PRISONER NO.:** 1145182

**PLACE OF CONFINEMENT:** Greenvil

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 04 2019

JULIA C. DUDLEY, CLERK
BY: /s/ A. Beeson
DEPUTY CLERK

Leon Vincent Calloway
Enter Full Name           Plaintiff

VS.

Herbert E. Taylor, P. Scott DeBruin,
Lynchburg Police Department, Officer Knabb
Enter Full Name(s)        Defendant(s)

CIVIL ACTION NO. 7:19CV4

A. Have you begun other actions in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

   ✓ Yes      ___ No

B. If your answer to A is Yes, describe the action in the space below.

   1. Parties to the Action: Herbert E. Taylor, P. Scott DeBruin
      Habeas Corpus

   2. Court: Lynchburg Circiut Court

   3. Docket No.: Unknown

   4. Judge: Unknown

   5. Disposition: Unknown

   (For example, is the case still pending? If not, what was the ruling? Was the case appealed?)

C. Have you filed any grievances regarding the facts of your complaint?

   Yes ___      No ✓

   1. If your answer is Yes, complete the enclosed verified statement, indicating the result. Please attach evidence of your exhaustion of all available grievance procedures.
      N/A

   2. If your answer is No, indicate the reason for failure to exhaust on the verified statement. You may be required to exhaust your claims through any applicable grievance procedures. Your complaint may be dismissed if you fail to exhaust all avenues of the grievance process in a timely fashion.

D. Statement of Claim - State here briefly the facts of your case. Describe what action(s) each defendant took in violation of your constitutional rights. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of different claims, number and set forth each claim in a separate paragraph. Use as much space as needed. You may attach extra paper if necessary.

Claim #1 - Supporting Facts - Tell your story briefly without citing cases or law.

Attached
Attached
Attached

Claim #2 - Supporting Facts - Tell your story briefly without citing cases or law.

Attached
Attached
Attached

Claim #3 - Supporting Facts - Tell your story briefly without citing cases or law.

Attached
Attached
Attached

E. State what relief you seek from the Court. Make no legal arguments, cite no cases or statutes.

Conviction looked into and Punitive Damages for Mr. Calloways Constitutional Right Violated

SIGNED THIS 29 DAY OF December, 2018.

_Leon Calloway_
(Signature of Each Plaintiff)

**VERIFICATION:**

I, LEON CALLOWAY, state that I am the plaintiff in this action and I know the content of the above complaint; that it is true of my own knowledge, except as to those matters that are stated to be based on information and belief, and as to those matters, I believe them to be true. I further state that I believe the factual assertions are sufficient to support a claim of violation of constitutional rights. Further, I verify that I am aware of the provisions set forth in 28 USC §1915 that prohibit an inmate from filing a civil action or appeal, if the prisoner has, three or more occasions, while incarcerated, brought an action or appeal in federal court that are dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. I understand that if this complaint is dismissed on any of the above grounds, I may be prohibited from filing any future actions without the pre-payment of filing fees.

I declare under penalty of perjury the foregoing to be true and correct.

DATED: 12/29/2018   SIGNED: _Leon Calloway_

Claim 1                    12/29/2018

On August 30 2017 A motion to supress evidence that was obtained through a Search Incident to Arrest was held and the outcome of the court decision was put under a five day reveiw. On September 27, 2017 the motion was denied. During the hearing MR. CALLOWAY'S Attorney MR. DE Bruin At that time failed to present doucuments that he knew showed MR. CALLOWAY was never Arrested on May 10, 2016 for the charges of May 10, 2016. Incident to Arrest has two prongs to make a search conducted under it lawful and Legal. By MR. CALLOWAY never being Arrested on May 10, 2016 And by him not being Around during the search of his vehicle this makes the Search Incident to Arrest An illegal search under the constitution. If MR. DeBruin would have addressed the court with this evidence At the supression hearing on August 30, 2017 that he clearly knew about but would not present, MR. CALLOWAY'S incarceration would have been terminated at that time. Because MR. DeBruin did not present this evidence to the court that he clearly knew about MR. CALLOWAY remained incarcerated.

CLAIM 2                                         MR. DeBruin

On May 10, 2016 Mr. Calloway was targeted, pursued and stopped by a police officer from the Lynchburg Police Department without him having probable cause. The officer described the event in his own words and he stated.

"On this day May 10, 2016 I began driving up Liberty Street from Pine Street. I observed Calloway parked in his green van off to the left side of Liberty Street at McCorkle Street. I wasn't sure what he was doing there. When I passed him he looked down into his lap failing to make eye contact with me and appeared nervous, more so suprised to see my presence. Knowing he is a cocain dealer and the fact that he is at another cocain dealer house is suspicious enough and add to it his nervous behavior when I passed. I felt a reasonable suspicion for a stop was present at that time." Within five minutes Mr. Calloway was stopped by the officer for these unlawful reasons. Mr. Calloway is clearly targeted and pursued and stopped and his right under the constitution that is governed by this type of police action were clearly violated. Mr. Calloway's attorney Mr. DeBruin refused to file a pre-trial motion on this unlawful pursuit and illegal sizure by the officer.

Because of this ineffective representation by Mr. DeBruin Mr. Calloway remained incarcerated.

Mr. Calloway was clearly not doing anything unlawful for officer Knabb's suspicion he stated.

CLAIM 3                    MR. DeBruin

MR. DeBruin was appointed in Febuary of 2017 to be MR. Calloways Attorney. MR. Calloway immediately addressed the issue to him of the alleged open container not being collected by the officer but the officer stated the alleged open container was his probable cause to seize MR. Calloway.

By MR. DeBruin being an experienced attorney he clearly acknowledge that if a police officer tell a person "He is not free to leave" At that point the person is seized and if probable cause does not exist the seizure is illegal and violates the rights the person has under the constitution. Also with MR. DeBruin's experience as an attorney and by him being MR. Calloway's Attorney he clearly knew by the officer not collecting the alleged open container is clearly an avenue of defence that is in favor of MR. Calloway's defence And by MR. Calloway being incarcerated under these circumstance's this issue should have clearly been immediately addressed to the court by MR. DeBruin, with his knowledge of the legal procedures to present this issue. Because MR. DeBruin was MR. Calloway's Attorney and had knowledge of the merrits and credibility in this issue and knowing MR. Calloway was incarcerated not addressing this issue to the court clearly shows Reckl-lessness, prejudice, and ineffective assistance of counsel which clearly deprived MR. Calloway of his constitutional Right that the Six Ammendment guarantee's him. Because of this MR. Calloway Remained incarcerated

Claim 3: P. Scott DeBruin
1011 Court Street
P.O. Box 338
Lynchburg, VA. 24505

Claim 4                                                                 12/29/2018

On October 24, 2016 a preliminary hearing was held to determine if probable cause existed to certify charges that was brought against Mr. Calloway on May 10, 2016. One of those charges being an open container that the police officer stated he used to seize Mr. Calloway. During questioning by the attorney of Mr. Calloway, Mr. Taylor, it was established through the officers testimony he did not collect the open container at the scene of the alleged crime. By Mr. Taylor being an experienced professional attorney he clearly knew that probable cause did not exist and the seizure of Mr. Calloway at this point unlawful. Therefore, the charges and any evidence that came from the illegal seizure should have been dismissed if Mr. Taylor would have objected or moved to strike on the grounds of the unlawfulness by the officer Mr. Calloway's incarceration would have been terminated. Instead Mr. Taylor stated "The commonwealth has indicated that the (open container) misdemeanor's to the side would also be certified. I don't have any objection to that as long as I get paid."

If not for the recklessness and constitutionally deficency in Mr. Taylor's representation that clearly deprived Mr. Calloway of his right under the constitution that the six ammendment guarantee's him. By Mr. Taylor not addressing this issue to the court Mr. Calloway remained incarcerated.

Claim 5                                                         12/28/2018

On October 24, 2016 a preliminary hearing was held to determine if probable cause existed to certify charges that was brought against Mr. Calloway on May 10, 2016. Mr. Calloways Attorney Mr. Taylor at that time withheld documents made by the officer on or about May 10, 2016 describing the event which clearly show the officer unlawfully pursued, targetted and stopped Mr. Calloway without probable cause and violated Mr. Calloway's right under the constitution that is governed by this type of police action.

"On this date May 10, 2016 I began driving up Liberty Street from Pine Street. I observed Calloway parked in his green van off to the side of Liberty and McCorkle Street. I was not sure what he was doing there. When I passed he looked down into his lap failing to make eye contact with me and appeared nervous, more so suprised to see my pressence. Knowing he is a cocain dealer and the fact that he is at another cocain dealers house is suspicious enogh and add to it his nervous behavior when I passed. I felt a reasonable suspicion for a stop was present at that time."

Mr. Taylor approached this issue in the preliminary hearing and established knowledge that he knew this was unlawful but immediately withdrew from having this unlawful pursuit and targetting and stopp of Mr. Calloway looked at for its credibility by the court at that time. Because of this Mr. Calloway remained incarcerated.

## Claim 6

On May 10, 2016 officer Knabb of the Lynchburg Police Department unlawfully targeted, pursued and stopped Mr. Calloway which violated Mr. Calloway's right under the constitution for this kind of police action. Mr Knabb described the event in his own words which clearly show he violated Mr. Calloway's right as well.

### Statement

"On this date May, 10, 2016 I began driving up Liberty Street from Pine street. I observed Calloway parked in his green van off to the side of Liberty Street at McCorkle Street. I wasn't sure what he was doing their. When I passed him he looked down into his lap failing to make eye contact with me and appeared nervous, more so suprised to see my presence. Knowing he is a cocain dealer and the fact he is at another cocain dealers house is suspicious enough and add to it his nervous behavior when I passed. I felt a reasonable suspicion for a stop was present."

This statement clearly show under the constitution, Mr. Calloway's right are governed by this type of police action.

Claim 1: Officer Knabb and the Lynchburg Police Department
Miscarage of Justice

## Claim 7

The court errored in their decision to deny a motion to supress evidence that was obtained through incident to arrest. During the court's five day review the court should have clearly known documents containing statements made by the officer on may 10, 2016 September 27, 2016 and October 24, 2016 clearly show Mr. Calloway was never lawfully arrested on may 10, 2016. Mr. Calloway was charged on may 10, 2016 to possession with intent to distrubute which the officer clearly state "he did not arrest Mr. Calloway on the drug charge of may, 10, 2016. The officer also stated "on may 14, 2016 (four days latter) he was going to serve arrest warrant from may 10, 2016 which were the misdemeanor's open container and resisting. This clearly show Mr. Calloway was not arrested on may 10, 2016, which clearly make incident to arrest unlawful and the search illegal. Because of this court error Mr. Calloway remained incarcerated. Also because the court failed in their five day review to investigate these legal documents containing this information it caused Mr. Calloway to also remain incarcerated. If not for this court error Mr. Calloways incarceration would have been terminated due to the arrest records documented statements and facts that the documents contained.

City of Lynchburg, VA.     901 Court St.
and the Court system        Lynchburg VA.
                            24504

Claim 1: MR. DeBruin                                    Claim 6:
        1011 Court Street
        P.O. Box 338
        Lynchburg VA 24505

Claim 2: MR. DeBruin
        1011 Court Street
        P.O. Box 338
        Lynchburg, VA. 24505

Claim 3: MR. DeBruin
        1011 Court Street
        P.O. Box 338
        Lynchburg, VA 24505

Claim 4: MR. Herbert E. Taylor III
        310 Fifth St. 2nd floor
        P.O. Box 760
        Lynchburg VA 24505

Claim 5: MR. Herbert E. Taylor III
        310 Fifth St. 2nd Floor
        P.O. Box 760
        Lynchburg VA. 24505

Claim 6: The City of Lynchburg VA.
Police Department 24504
Officer Knabb
Lynchburg Police Department

Claim 7: The City of Lynchburg VA
Court System
901 Court Street
Lynchburg, VA. 24504



Leon Calloway
Greenville Correctional
Center
901 Corrections Way
Jarratt, VA 23870-6914

RICHMOND VA 232
WED 02 JAN 2019 AM

Clerk United States District
Court
210 Franklin Road SW
Suit 540
Roanoke, VA 24011-2208

LEGAL MAIL